**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID JENKINS, on behalf of himself and all similarly situated individuals, | : : | |
| | : | Case No.:  2:23-cv-1874 |
| Plaintiffs, | : : | |
| | : | **Judge:** |
| v. | : : | |
| EVO SERVICES GROUP LLC, | : | **JURY DEMANDED** |
| | : : | |
| Defendant. | : | |

**COMPLAINT**

Named Plaintiff David Jenkins ("Named Plaintiff") brings this action on behalf of himself and all current and former non-exempt, similarly situated employees who worked for EVO Services Group LLC ("Defendant") at its Columbus, Ohio location who worked in excess of forty (40) hours in a work week and were not paid 150% of their regular rate at any time within the period of three (3) years preceding the commencement of this action through the date of judgment to recover compensation, liquidated damages, compensatory damages, punitive damages, attorneys' fees and costs, and other equitable relief pursuant to the provisions of Sections 203, 206, and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 216(b).

Named Plaintiff  brings Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 *et seq.*, (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be collectively referred to as the "Ohio Acts"), and O.R.C. § 2307.60 claims as an individual to recover compensation, liquidated damages, compensatory damages, punitive damages, attorneys' fees and costs, and other equitable relief.

1

Named Plaintiff David Jenkins also brings individual claims under the Fair Labor Standards Act of 1938 ("FLSA") for being subject to retaliation for his attempt to exercise his FLSA rights when his employer, Defendant, terminated Named Plaintiff because he complained about Defendant's overtime wage violations. Defendant terminated Named Plaintiff for a pretextual reason only one day after he notified Defendant that he had not been paid all wages owed.

The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others.

I. **JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States.

2. This Court has supplemental jurisdiction over Plaintiff's and the Putative Class Members' Ohio Acts claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Plaintiff's claims under the FLSA that they form part of the same controversy.

3. Venue in the Southern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the unlawful conduct described herein occurred within Franklin County, at Defendant's 315 East 17th Ave., Columbus, Ohio 43219 location.

II. **THE PARTIES**

4. David Jenkins ("Named Plaintiff") is an adult resident of Columbus, Ohio residing at 2718 Homecroft Dr., Columbus, OH 43211. Named Plaintiff was formerly employed by Defendant as a non-exempt dock manager, from approximately May 2018 until approximately May 2023. His consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit A**.

5. "Employees Entitled to Notice" are other similarly situated current and former non-exempt, employees who worked for Defendant at its Columbus, Ohio location who worked in excess of forty (40) hours in a work week and were not paid 150% of their regular rate at any time within the period of three (3) years preceding the commencement of this action through the date of judgment.

6. Named Plaintiff and the Employees Entitled to Notice will be collectively referred to as "Plaintiffs."

7. Defendant EVO Services Group, LLC is a foreign corporation licensed to do business in Ohio. Process may be served upon its Registered Agent, VCORP Services, LLC, at 108 W. 13th Street, Suite 100, Wilmington, Delaware 19801. Defendant's facility is headquartered at 2075 W. Pinnacle Peak Rd., Suite 130, Phoenix, Arizona 85027.

**III.    STATEMENT OF FACTS**

8. During all times material to this Complaint, Defendant was an "employer" within the meaning of the FLSA and the Ohio Acts.

9. During all times material to this Complaint, Defendant employed Plaintiffs within the meaning of the FLSA and the Ohio Acts.

10. During all times material to this Complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

11.     During all times material to this Complaint, Plaintiffs have been Defendant's employees pursuant to the Ohio Acts and have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

12.     Defendant is a supplier of ground transportation to the United States Postal Service ("USPS")—serving thirty-three (33) states and hundreds of USPS facilities—and other freight customers.

13.     As dock managers, Defendant employs Plaintiffs to supervise its drivers in various capacities; Plaintiffs are to route, schedule, and dispatch drivers. Plaintiffs also have other supervisory duties; they visit the USPS location being serviced to ensure that all of Defendant's drivers are arriving and dispatched in a timely manner; they fill out paperwork and update their direct supervisors; they schedule vehicular repairs when vehicular maintenance issues are brought to their attention by Defendant's drivers; and they coordinate any potential extra trips that USPS might require.

14.     As a dock manager, Plaintiffs were, in reality, working foremen whose primary duties were not the management of Defendant's employees as that term is defined in the FLSA and the Ohio Wage Act.

15.     Upon information and belief, Named Plaintiff's primary duties were common and typical among the Employees Entitled to Notice.

16.     As dock managers, Plaintiffs often, if not always, work in excess of forty (40) hours in a workweek.

17.     Indeed, Named Plaintiff typically worked six (6) days a week in scheduled shifts from 12:00 A.M. to 10:00 or 10:30 A.M. On occasion, Named Plaintiff would work until 12:00 P.M. because of company meetings. He typically worked Monday through Saturday and averaged sixty (60) to sixty-five (65) hours worked per workweek.

4

18. Upon information and belief, Named Plaintiff states that his schedule is common and typical of the Employees Entitled to Notice.

19. Named Plaintiff was paid on an hourly basis and not on a salary basis; he was not paid at a predetermined amount of compensation each pay period on a weekly, or less frequent, basis. Indeed, the amount he was paid can be reduced because of variations in the quantity of his work; and upon information and belief this pay structure was common and typical of how Defendant paid the Other Employees Entitled to Notice.

20. Named Plaintiffs weekly pay was dependent upon the number of hours he worked; and upon information and belief, this pay structure was common and typical of how Defendant paid the Other Employees Entitled to Notice.

21. For hours worked beyond forty (40) in a workweek, Plaintiffs are not paid at the appropriate overtime rate but are instead paid at their standard hourly rate.

22. Named Plaintiff was paid by Defendant at an hourly rate of $25.50 per hour. By way of example, if he worked sixty (60) hours in a workweek, he would be paid $1,530, i.e., 60 times his standard hourly rate of $25.50 per hour.

23. Defendant illegally misclassified Plaintiffs as exempt employees ineligible to receive overtime pay for hours worked in excess of forty (40) in a workweek. In fact, Plaintiffs—dock managers employed by Defendant—were non-exempt employees eligible to receive overtime compensation for hours worked in excess of 40 in a workweek.

24. As dock managers, Plaintiffs are not expected to transport goods as part of their job duties. Their job duties do not require them to ride in Defendant's trucks, assist with loading / unloading Defendant's vehicles, perform inspections or repairs on Defendant's vehicles, plan or immediately direct and check the proper performance of vehicular inspections or repairs, or keep the operations of Defendant's vehicles in a good and safe working condition.

25. When Plaintiff Jenkins had idle time, he would occasionally assist Defendant's drivers with loading or unloading their trucks—an act that was not required or expected of him. However, Plaintiff Jenkins had no discretion or responsibility to ensure the proper distribution of freight in Defendant's trucks for safety purposes. Indeed, this time spent helping was *de minimis* at most.

26. As dock managers, Plaintiffs are not expected to ensure that goods are loaded in Defendant's trucks so to not be damaged in transit.

27. Defendant records Plaintiffs' hours worked through a manual clock-in system (which operates under the KRONOS Payroll software), wherein Plaintiffs must manually clock themselves in to work and clock themselves out at the end of their respective shifts.

28. As of the filing of this Complaint, Plaintiffs have not been paid all of the wages they earned while working for Defendant, and those unpaid wages have gone unpaid for more than thirty (30) days.

29. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiffs for all the hours they worked and at least 150% of their respective regular rates for all hours worked beyond forty (40) in a workweek.

**DEFENDANT'S RETALIATORY DISCHARGE OF NAMED PLAINTIFF**

30. On approximately May 11, 2023, Named Plaintiff went to Defendant's Director of Operations of the Northeast Region, Rizwan Malik, to express his concerns about Defendant's pay practices and policies.

31. Named Plaintiff complained to Mr. Malik about Defendant's pay practice and/or policy of not compensating its dock managers at 150% their regular rate for hours worked in excess of forty (40) in a workweek.

32. Named Plaintiff informed Mr. Malik that Defendant's dock managers (the Employees Entitled to Notice) were making less than Defendant's drivers—employees that do receive overtime compensation for their hours worked over forty (40)—under Defendant's pay practice and/or policy.

33. Soon after his discussion with Mr. Malik, Named Plaintiff received a write-up that claimed he did not report a safety incident in a timely manner, even though Named Plaintiff had already reported the incident days before. Named Plaintiff refused to sign the write up.

34. On approximately May 12, 2023, only one day after expressing his concerns about the potential wage violation, Named Plaintiff was wrongfully terminated from his employment with Defendant.

35. Defendant unlawfully discriminated against Named Plaintiff after he inquired about Defendant's practice and/or policy of not paying Named Plaintiff at 150% his regular rate for all hours worked in excess of forty (40) hours in a workweek.

36. Defendant's asserted reason for Named Plaintiff's termination—that he failed to report a safety incident in a timely manner—is pretextual in that the real reason for his termination is that he engaged in the FLSA-protected activity of complaining about his employer's pay practices and/or policies.

37. As a direct and proximate result of Named Plaintiff engaging in the protected activity of complaining about Defendant's pay practices and/or polices for him and the Employees Entitled to Notice, Defendant retaliated against Named Plaintiff by wrongfully terminating him from his employment on or around May 12, 2023.

38. Defendant knowingly, willfully, or with reckless disregard violated the FLSA by engaging in the retaliatory discharge of Plaintiff Jenkins.

**IV.   CAUSES OF ACTION**

A. **COURT SUPERVISED NOTICE PURSUANT TO 29 USC § 216(b) ALLEGING FLSA VIOLATIONS**

**FLSA COVERAGE**

39.     Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

40.     Named Plaintiff request that the Court issue Court Supervised Notice to the Employees Entitled to Notice defined as:

> **All hourly dock managers employed by EVO Services Group, LLC at any time within the period of 3 years preceding the commencement of this action through the date of judgment who were not properly compensated for all hours worked in excess of forty (40) in a workweek (the "Employees Entitled to Notice").**

41.     Named Plaintiff Jenkins reserves the right to amend and refine the definition of the Employees Entitled to Notice based upon further investigation and discovery.

42.     At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 203(r) of the FLSA, 29 U.S.C. § 203(r).

43.     At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

44.     During the respective period of the Named Plaintiff's and the Employees Entitled to Notice's employment by Defendant, these individuals have provided services for Defendant that involved interstate commerce for purposes of the FLSA.

45. In performing the operations hereinabove described Named Plaintiff and the Employees Entitled to Notice have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

46. At all times hereinafter mentioned, Named Plaintiff and the Employees Entitled to Notice are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

47. The precise size and identity of the proposed Employees Entitled to Notice should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

48. Collective action treatment of Named Plaintiff's and the Employees Entitled to Notice's claims is appropriate because they have been subjected to the common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendant satisfied the FLSA's requirements for payment of the statutory overtime wages.

49. Further, Named Plaintiff and the Employees Entitled to Notice , having willfully not been paid at 150% of their regular rate for all hours worked in excess of forty (40) in a workweek pursuant to the common policies described herein, reveals the existence of more than a strong likelihood that they are "similarly situated" as the term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

50. Named Plaintiff and the Employees Entitled to Notice have been similarly affected by the Defendant's companywide violations of the FLSA in workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned federal overtime wages.

51. Named Plaintiff is similarly situated to the Employees Entitled to Notice and will prosecute this action vigorously on their behalf.

52. Named Plaintiff intends to seek Court approval to send notice to all Employees Entitled to Notice pursuant to Section 216(b) of the FLSA. The names and addresses of the Employees Entitled to Notice are available from Defendant's records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the FLSA.

53. Named Plaintiff and the Employees Entitled to Notice have been damaged by Defendant's willful refusal to pay the federally mandated overtime rate for all hours worked beyond forty (40) in a workweek. As a result of Defendant's FLSA violations, they are entitled to similar damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY WAGES, INCLUDING OVERTIME WAGES**

54. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

55. During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendant was and is the employer of Named Plaintiff and the Employees Entitled to Notice within the meaning of 29 U.S.C. § 203(d).

56. During the time period from approximately three (3) years preceding the commencement of this action to the present, Named Plaintiff and the Employees Entitled to Notice were employed by Defendant within the meaning of 29 U.S.C. § 203(e)(1).

57. During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendant employed Named Plaintiff and the Employees Entitled to Notice within the meaning of 29 U.S.C. § 203(g).

58. During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendant was an employer subject to the FLSA.

59. During all times material to this Complaint, Named Plaintiff and the Employees Entitled to Notice have not been exempt from receiving overtime benefits under the FLSA because, *inter alia*, they were not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq.*

60. Defendant, as described above, violated the FLSA, 29 U.S.C. § 207, by failing to pay Named Plaintiff and the Employees Entitled to Notice at the appropriate overtime rate for all hours worked in excess of forty (40) per workweek.

61. Named Plaintiff and the Employees Entitled to Notice should have been paid the correct overtime rate for all hours worked in excess of forty hours per workweek during the three years from the filing date of the Complaint.

62. At all times material to this Complaint, Defendant employed Named Plaintiff and the Employees Entitled to Notice to work as dock managers in furtherance of its business of supplying ground transportation to the USPS and other freight customers.

63. At all times material to this Complaint, Defendant regularly employed Named Plaintiff and the Employees Entitled to Notice to work more than forty (40) hours in a workweek.

64. At all times material to this Complaint, Named Plaintiff and the Employees Entitled to Notice were not paid at one and one-half times their regular rate for all hours they worked in excess of forty (40) in a workweek.

65. At all times material to this Complaint, Defendant violated the FLSA by repeatedly failing to pay Named Plaintiff and the Employees Entitled to Notice the legally mandated overtime premium rate at no less than one and one-half Named Plaintiff's and the Employees Entitled to Notice's regular rate for all hours worked in excess of forty (40) in a workweek.

66. Defendant knew or should have known of the wage payment and overtime payment requirements of the FLSA. Defendant willfully withheld and failed to pay the correct overtime compensation to which Named Plaintiff and the Employees Entitled to Notice are entitled.

67. Defendant willfully violated and continues to willfully violate the FLSA, by having engaged and continuing to engage in conduct, which demonstrates a willful and/or reckless disregard for the provisions of the FLSA.

68. Named Plaintiff and the Employees Entitled to Notice are entitled to unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available as compensation for Defendant's violations of FLSA, by which Named Plaintiff and the Employees Entitled to Notice have suffered and continue to suffer damages.

### COUNT II
### OHIO WAGE ACT
### FAILURE TO PAY OVERTIME WAGES

69. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

70. The Ohio Wage Act provides that covered employees shall be compensated for every hour worked in one workweek. *See* O.R.C. §§ 4111, *et seq.*; *see also* 29 U.S.C. § 206(b).

71. The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) hours in one workweek, "in the manner and methods provided in and

subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

72. At all times relevant to this Complaint, Defendant was an "employer" covered by the Ohio Wage Act and has been thus required to comply with its mandates.

73. At all times relevant to this Complaint, Named Plaintiff was a covered "employee" of Defendant's pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

74. At all times relevant to this Complaint, Defendant violated the Ohio Wage Act by repeatedly failing to compensate Named Plaintiff for all hours worked at the appropriate pay rate, including Defendant's repeated action of refusing to compensate Named Plaintiff for all hours worked over forty (40) hours in a workweek at a rate not less than one and one-half times his regular rate.

75. Indeed, at all times relevant to this Complaint, Named Plaintiff did not receive one and one-half times his regular rate for all hours he worked in excess of forty (40) in a workweek.

76. At all times relevant to this Complaint, Defendant violated the Ohio Wage Act by repeatedly failing to pay Named Plaintiff the legally mandated overtime premium at a rate no less than one and one-half his regular rate of pay for all hours worked in excess of forty (40) in one workweek.

77. Named Plaintiff is not exempt from the wage protections of Ohio Law. During relevant times, Named Plaintiff was not exempt from receiving overtime because he was not an "executive," "administrative," "professional," "outside sales," or "computer" employee, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* C.F.R. §§ 541 *et seq*.

78. In violating the Ohio Wage Act, Defendant's acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

79. Named Plaintiff is entitled to unpaid overtime and other compensation, interest and attorneys' fees, and all other remedies available as compensation for Defendant's violations of O.R.C. § 4111.03, by which Named Plaintiff has suffered and continues to suffer damages.

### COUNT III
### OHIO PROMPT PAY ACT-
### FAILURE TO PROMPTLY PAY WAGES

80. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

81. At all times relevant to this Complaint, Defendant was Named Plaintiff's "employer" and was required to comply with the Ohio Prompt Pay Act's provisions. *See* O.R.C. § 4113.15.

82. The OPPA provides that employers shall pay covered employees all wages, including overtime, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* O.R.C. § 4113.15(A).

83. At all times material to this Complaint, Defendant has refused to pay Named Plaintiff all owed overtime wages at one and one-half (1 ½) times his normal hourly rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

84. Named Plaintiff's wages remain unpaid for more than thirty (30) days beyond his regularly scheduled payday.

85. Defendant's violations of the OPPA has been of a willful, intentional, or bad faith nature or has otherwise exhibited a reckless disregard of the OPPA's provisions.

### COUNT VI
### VIOLATION OF O.R.C. § 2307.60 AND 29 U.S.C. § 216(a)

86. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

87. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

88. By its acts and omissions described herein, Defendant has willfully violated the FLSA, and Named Plaintiff has been injured as a result.

89. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

90. As a result of Defendant's willful violations of the FLSA, Named Plaintiff is entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## COUNT V
## RETALIATION IN VIOLATION OF THE FLSA
## AS TO NAMED PLAINTIFF

91. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

92. At all time material to this Complaint, Named Plaintiff was employed by Defendant within the meaning of 29 U.S.C. § 203(g).

93. Defendant unlawfully discriminated against Named Plaintiff after he inquired about Defendant's practice of not paying Named Plaintiff for all hours worked in excess of forty (40) hours a week and Defendant engaging in overtime wage violations.

94. As a result of Named Plaintiff engaging in the protected activity of inquiring about receiving compensation due to him for all hours worked, Defendant retaliated against Named Plaintiff by wrongfully terminating him from his employment on or around May 12, 2023.

95. Defendant knowingly, willfully, or with reckless disregard violated the FLSA by engaging in the retaliatory discharge of Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiff, on behalf of himself and the Employees Entitled to Notice, prays that this Court enter the following relief:

A. An Order sending Court Supervised Notice to the Employees Entitled to Notice as defined herein and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective members.

B. In the event Defendant seeks to have discovery on the issues of whether there is a strong likelihood that the Employees Entitled to Notice are similarly situated to Named Plaintiff, that the Court issue an order tolling the FLSA statute of limitation for the Employees Entitled to Notice as of the filing of this Complaint;

C. Issuing proper notice to the Employees Entitled to Notice at Defendant's expense;

D. Unpaid overtime wages and an equal amount as liquidated damages pursuant to the FLSA and the supporting regulations for Named Plaintiff and the Employees Entitled to Notice;

E. A declaratory judgment that the practice complained of herein is unlawful under the Ohio Wage Act and the OPPA;

F. Awarding Named Plaintiff the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the OPPA.

G. Declare that Defendant has violated the FLSA as to Named Plaintiff's wrongful termination;

H. Order such injunctive and equitable relief as will make Named Plaintiff whole for Defendant's FLSA violations, including reinstatement with full back pay, pre- and post-judgment interest, and costs;

I. Award liquidated damages as to Defendant's FLSA violations in excess of $25,000;

16

J. Pursuant to O.R.C. § 4111.14(J), an Order awarding an amount set by the Court sufficient to compensate Named Plaintiff and deter future violations by the Defendant of the Ohio Wage Act, but not less than one hundred fifty dollars for each day that the violation continued;

K. Compensatory and liquidated damages for violations of the FLSA's anti-retaliation provisions;

L. Compensatory and punitive damages under O.R.C. § 2307.60.

M. Awarding pre-judgment and post-judgment interest;

N. An award of prejudgment and post-judgment interest;

O. An award of costs and expenses of this action, together with reasonable attorney' fess and expert fees; and,

P. Any other relief to which Plaintiff Jenkins, the FLSA Notice Group Members, and the Ohio Acts Rule 23 Class members may be entitled.

Dated: June 7, 2023               Respectfully submitted,

/s/ Jacob A. Mikalov
Jacob A. Mikalov (OH Bar No. 0102121)
Robert E. DeRose (OH Bar No. 0055214)
**BARKAN MEIZLISH DEROSE COX, LLP**
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
jmikalov@barkanmeizlish.com
bderose@barkanmeizlish.com

*Attorneys for Plaintiffs.*

## JURY DEMAND

Named Plaintiff hereby demands a jury of eight (8) persons.

By: */s/ Jacob A. Mikalov*
Jacob A. Mikalov