**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DAVID JENKINS, on behalf of himself and all others similarly situated, | ) ) ) CASE NO. 2:23-cv-1874-ALM-CMV |
| Plaintiff, | ) ) JUDGE ALGENON L. MARBLEY |
| vs. | ) ) MAGISTRATE CHELSEY M. VASCURA |
| EVO SERVICES GROUP, LLC, | ) ) **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) ) ) |

**ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT**

For its answer to Plaintiff's Complaint, Defendant EVO Services Group, LLC states:

**PREAMBLE**

Defendant admits Plaintiff brings the claims asserted in his Preamble to the Complaint, but denies those claims or assertions have any merit. Defendant also denies any other individual (on whose behalf Plaintiff asserts claims) has any claim or assertion with any merit. Defendant denies all remaining allegations in the Preamble to the Complaint.

**I.   JURISDICTION AND VENUE**

1.   Defendant admits the Court has federal question jurisdiction over Plaintiff's federal claims, but denies Plaintiff's claims have any merit or that Plaintiff (or anyone on whose behalf Plaintiff asserts claims) has meritorious claims or is entitled to any relief. Defendant denies all remaining allegations in Paragraph 1 of the Complaint.

2.   Defendant admits this Court has supplemental jurisdiction over Plaintiff's state law claims, but denies Plaintiff's claims have any merit or that Plaintiff (or anyone on whose

behalf Plaintiff asserts claims) has meritorious claims or is entitled to any relief. Defendant denies all remaining allegations in Paragraph 2 of the Complaint.

3. Defendant admits venue is proper in this District because a substantial part of the *alleged* unlawful conduct *allegedly* occurred in Franklin County, Ohio. Defendant denies Plaintiff's claims have any merit or that Plaintiff (or anyone on whose behalf Plaintiff asserts claims) has meritorious claims or is entitled to any relief. Defendant denies all remaining allegations in Paragraph 3 of the Complaint.

**II. THE PARTIES**

4. Defendant admits Jenkins is an adult who was employed by Defendant as a Dock Manager from June 2020 to May 2023, and that Jenkins gave written consent to bring this action. Defendant is without sufficient knowledge or information to form a belief as to the truth of whether Jenkins resides at 2718 Homecroft Dr., Columbus, OH 43211 and therefore denies the same. Defendant denies all remaining allegations in Paragraph 4 of the Complaint.

5. Defendant admits Plaintiff's "Employees Entitled to Notice" are proposed as current and former non-exempt employees who worked for Defendant at its Columbus, Ohio location, who worked in excess of forty (40) hours in a work week, and were *allegedly* not paid 150% of their regular rate at any time within three (3) years of filing the Complaint. Defendant denies Plaintiff's claims have any merit, that there are any "Employees Entitled to Notice" (including, but not solely, because Plaintiff was Defendant's only Dock Manager in Ohio). Defendant also denies Plaintiff or the alleged "Employees Entitled to Notice" have any valid claims or are entitled to any relief, and deny all remaining allegations in Paragraph 5 of the Complaint.

6. Defendant admits Plaintiff refers to himself and the purported "Employees Entitled to Notice" collectively as "Plaintiffs" in the Complaint, but denies all remaining allegations in Paragraph 6 of the Complaint – including denial there are any "Employees Entitled to Notice" or that any of them can be proper plaintiffs in this case.

7. Defendant admits it is a foreign limited liability company authorized to do business in Ohio, that process may served upon its identified registered agent, and that its headquarters are located at its identified address in Phoenix, Arizona.

### III.   STATEMENT OF FACTS

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Defendant admits the allegations in Paragraph 9 of the Complaint as to Jenkins, but denies the allegations in Paragraph 9 of the Complaint as to all other "Plaintiffs", including because there are no "Employees Entitled to Notice".

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. Defendant admits the allegations in Paragraph 11 of the Complaint as to Jenkins, but denies the allegations in Paragraph 11 of the Complaint as to all other "Plaintiffs", including because there are no "Employees Entitled to Notice" and because Jenkins has only asserted his Ohio claims individually.

12. Defendant admits it is a supplier of ground transportation to the United States Postal Service ("USPS"), that it serves 31 states and hundreds of USPS facilities, and that it also serves other freight customers. Defendant denies all remaining allegations in Paragraph 12 of the Complaint.

13. Defendant admits the allegations in Paragraph 13 describe a portion of Jenkins' duties as a Dock Manager, but not the fully-accurate description of Jenkins' job duties as a Dock

3

Manager. Defendant denies all remaining allegations in Paragraph 13 of the Complaint – including complete denial of all allegations regarding all other "Plaintiffs", including because there are no "Employees Entitled to Notice".

14. Defendant admits the allegations in Paragraph 14 of the Complaint as to Jenkins, but denies the allegations in Paragraph 14 of the Complaint as to all other "Plaintiffs", including because there are no "Employees Entitled to Notice".

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant is currently without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and therefore denies the same.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant admits the allegations in Paragraph 19 of the Complaint as to Jenkins, but denies the allegations in Paragraph 19 of the Complaint as to all other "Plaintiffs", including because there are no "Employees Entitled to Notice".

20. Defendant admits the allegations in Paragraph 20 of the Complaint as to Jenkins, but denies the allegations in Paragraph 20 of the Complaint as to all other "Plaintiffs", including because there are no "Employees Entitled to Notice".

21. Defendant admits Jenkins was paid his standard hourly rate for overtime hours, pursuant to the Motor Carrier Act exemption, but denies all remaining allegations in Paragraph 21 of the Complaint – including complete denial of all allegations regarding all other "Plaintiffs", including because there are no "Employees Entitled to Notice".

22. Defendant admits Jenkins was paid $25.50/hr. from August 29, 2022 until his termination and that Jenkins' sample calculation is mathematically-accurate. Defendant denies all remaining allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

**DEFENDANT'S RETALIATORY DISCHARGE OF NAMED PLAINTIFF**

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant admits Jenkins received multiple write-ups -- including one for not reporting a safety incident – on May 11, 2023 and that Jenkins refused to sign those write-ups. Defendant denies all remaining allegations in Paragraph 33 of the Complaint.

34. Defendant admits Jenkins' employment was terminated on May 12, 2023, but denies all remaining allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

## IV. CAUSES OF ACTION

### A. COURT SUPERVISED NOTICE PURSUANT TO 29 USC §216(b) ALLEGING FLSA VIOLATIONS

**FLSA COVERAGE**

39. Defendant incorporates its answers to Paragraphs 1-38 of the Complaint as if fully rewritten herein. Further answering, Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant admits Plaintiff seeks to reserve the ability to amend and refine the collective definition, but denies Plaintiff's claim to do so has any merit or that Plaintiff is entitled to do so. Defendant denies all remaining allegations in Paragraph 41 of the Complaint.

42. Defendant admits the allegations in Paragraph 42 of the Complaint.

43. Defendant admits the allegations in Paragraph 43 of the Complaint.

44. Defendant admits the allegations in Paragraph 44 of the Complaint as to Jenkins, but denies the allegations in Paragraph 44 of the Complaint as to all other "Plaintiffs", including because there are no "Employees Entitled to Notice".

45. Defendant admits the allegations in Paragraph 45 of the Complaint as to Jenkins, but denies the allegations in Paragraph 45 of the Complaint as to all other "Plaintiffs", including because there are no "Employees Entitled to Notice".

46. Defendant admits the allegations in Paragraph 46 of the Complaint as to Jenkins, but denies the allegations in Paragraph 46 of the Complaint as to all other "Plaintiffs", including because there are no "Employees Entitled to Notice".

47. Defendant denies the allegations in Paragraph 47 of the Complaint, including because there are no "Employees Entitled to Notice".

48. Defendant denies the allegations in Paragraph 48 of the Complaint, including because there are no "Employees Entitled to Notice".

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant admits Jenkins intends to seek Court approval and send notice to the alleged "Employees Entitled to Notice", but denies all remaining allegations in Paragraph 52 of the Complaint – including because there are no "Employees Entitled to Notice".

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO PAY WAGES, INCLUDING OVERTIME WAGES

54. Defendant incorporates its answers to Paragraphs 1-53 of the Complaint as if fully rewritten herein. Further answering, Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55, including because there are no "Employees Entitled to Notice".

56. Defendant denies the allegations in Paragraph 56, including because there are no "Employees Entitled to Notice".

57. Defendant denies the allegations in Paragraph 57, including because there are no "Employees Entitled to Notice".

58. Defendant admits the allegations in Paragraph 58 of the Complaint.

59. Defendant admits Jenkins was not executive, administrative or professional exempt from overtime, but denies all remaining allegations in Paragraph 59 of the Complaint,

including because there are no "Employees Entitled to Notice" and because of the Motor Carrier Act exemption.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Complaint – including because there was no failure to pay the correct overtime rate for all hours worked and because there are no "Employees Entitled to Notice".

62. Defendant admits the allegations in Paragraph 62 of the Complaint as to Jenkins, but denies the allegations in Paragraph 62 of the Complaint as to all other "Plaintiffs", including because there are no "Employees Entitled to Notice" and because Jenkins was Defendant's only Dock Manager in Ohio.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Defendant admits the allegations in Paragraph 64 of the Complaint as to Jenkins, but denies the allegations in Paragraph 64 of the Complaint as to all other "Plaintiffs", including because there are no "Employees Entitled to Notice" and because Jenkins was Defendant's only Dock Manager in Ohio.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

66. Defendant admits it knew or should have known the FLSA's requirements, but denies all remaining allegations in Paragraph 66 of the Complaint, including denial it failed to abide by the FLSA's requirements.

67. Defendant denies the allegations in Paragraph 67 of the Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

**COUNT II**
**OHIO WAGE ACT**
**FAILURE TO PAY OVERTIME WAGES**

69. Defendant incorporates its answers to Paragraphs 1-68 of the Complaint as if fully rewritten herein. Further answering, Defendant denies the allegations in Paragraph 69 of the Complaint.

70. The allegations in Paragraph 70 of the Complaint contain pure statements of law, so no response is required.

71. The allegations in Paragraph 71 of the Complaint contain pure statements of law, so no response is required.

72. Defendant admits the allegations in Paragraph 72 of the Complaint.

73. Defendant admits the allegations in Paragraph 73 of the Complaint.

74. Defendant denies the allegations in Paragraph 74 of the Complaint.

75. Defendant admits Jenkins did not receive time and a half overtime, but denies all remaining allegations in Paragraph 75 of the Complaint, including because Jenkins was exempt under the Motor Carrier Act exemption.

76. Defendant denies the allegations in Paragraph 76 of the Complaint.

77. Defendant admits Jenkins was not executive, administrative, professional, outside sales or computer employee exempt from overtime, but denies all remaining allegations in Paragraph 77 of the Complaint, including because Jenkins was exempt under the Motor Carrier Act exemption.

78. Defendant denies the allegations in Paragraph 78 of the Complaint.

79. Defendant denies the allegations in Paragraph 79 of the Complaint.

**COUNT III**
**OHIO PROMPT PAY ACT**
**FAILURE TO PROMPTLY PAY WAGES**

80. Defendant incorporates its answers to Paragraphs 1-79 of the Complaint as if fully rewritten herein. Further answering, Defendant denies the allegations in Paragraph 80 of the Complaint.

81. Defendant admits the allegations in Paragraph 81 of the Complaint.

82. The allegations in Paragraph 82 of the Complaint contain pure statements of law, so no response is required.

83. Defendant denies the allegations in Paragraph 83 of the Complaint.

84. Defendant denies the allegations in Paragraph 84 of the Complaint.

85. Defendant denies the allegations in Paragraph 85 of the Complaint.

## COUNT [IV]
## VIOLATION OF O.R.C §2307.60 AND 29 U.S.C. §216(a)

86. Defendant incorporates its answers to Paragraphs 1-85 of the Complaint as if fully rewritten herein. Further answering, Defendant denies the allegations in Paragraph 86 of the Complaint.

87. The allegations in Paragraph 87 of the Complaint contain pure statements of law, so no response is required.

88. Defendant denies the allegations in Paragraph 88 of the Complaint.

89. The allegations in Paragraph 89 of the Complaint contain pure statements of law, so no response is required.

90. Defendant denies the allegations in Paragraph 90 of the Complaint.

## COUNT V
## RETALIATION IN VIOLATION OF THE FLSA AS TO NAMED PLAINTIFF

91. Defendant incorporates its answers to Paragraphs 1-90 of the Complaint as if fully rewritten herein. Further answering, Defendant denies the allegations in Paragraph 91 of the Complaint.

92. Defendant admits the allegations in Paragraph 92 of the Complaint.

93. Defendant denies the allegations in Paragraph 93 of the Complaint.

94. Defendant denies the allegations in Paragraph 94 of the Complaint.

95. Defendant denies the allegations in Paragraph 95 of the Complaint.

## PRAYER FOR RELIEF

Defendant admits Plaintiff is seeking the damages and other relief set forth in his Prayer for Relief, but denies Plaintiff (or the "Employees Entitled to Notice") are entitled to any of those damages or other relief.

## AFFIRMATIVE DEFENSES

1. Defendant denies each and every allegation contained in the Complaint that has not been expressly admitted.

2. Plaintiff fails to state claims upon which relief can be granted.

3. Plaintiff is not entitled to a jury trial on certain claims, including those for attorneys' fees, liquidated damages, interest, and costs and expenses.

4. Plaintiff's claims are barred under the Motor Carrier Act exemption.

5. Plaintiff's request for employee Social Security numbers is illegal and a violation of employee's federal privacy rights.

6. Ohio R.C. §4111.14(J) only applies to retaliation against Ohio Constitution §34a (minimum wage) protected activity. It does not apply to R.C. Chapter §4111 overtime activity -- contrary to Section J of Plaintiff's Prayer for Relief.

11

7. Because Defendant acted in good faith and with reasonable belief it was not violating the FLSA, its good faith prevents the assessment of liquidated damages and limits the statute of limitations to 2 years.

8. Plaintiff's Prompt Pay Act claims for monetary relief are barred by Defendant's denial of violations/liability.

9. The Court lacks personal jurisdiction over any alleged collective member or "Employee Entitled to Notice" that was not employed by Defendant in Ohio.

10. Defendant reserves the right to assert any additional affirmative defenses.

WHEREFORE, Defendant asks this Honorable Court to dismiss Plaintiff's Complaint in its entirety, to award Defendant its costs and attorneys' fees, and for such other relief as this Court deems just.

## COUNTERCLAIMS

1. Defendant incorporates its answers to Paragraphs 1-95 of the Complaint as if fully rewritten herein.

2. After Jenkins' employment was terminated on May 12, 2023, Jenkins: cut the network and internet cables at Defendant's Columbus, Ohio facility; ripped-out equipment for the network and router at Defendant's Columbus, Ohio facility; and cut a water line at Defendant's Columbus, Ohio facility. As a result of Jenkins' conduct, he also degraded and reduced the life of the network switch at Defendant's Columbus, Ohio facility. *See 5.24.23 Police Report,* attached, with DOB redacted.

3. Jenkins actions against Defendant constitute vandalism, in violation of R.C. §2909.05(B)(1); criminal damage, in violation of R.C. §2909.06(A); criminal mischief, in

12

violation of R.C. §2909.07(A)(1)(a) and (A)(6), (B)(1); and willful damage, in violation of R.C. §2307.61.

4. As noted in Jenkins' Complaint, R.C. §2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

5. As a result of Jenkins' willful and malicious vandalism, criminal damage and criminal mischief, R.C. §2307.60 entitles Defendant to recover actual damages and costs – plus punitive damages and attorneys' fees pursuant to R.C. §2315.21 and the common law – from Jenkins.

6. Jenkins' willful damage, in violation of R.C. §2307.61, entitles Defendant to recover 3 times the value of the property *before Jenkins' damaged it,* pursuant to R.C. §2307.61(A)(1)(b)(ii).

7. The Court has supplemental jurisdiction over Defendant's state law counterclaims because they arise out of the same events giving rise to Jenkins' claims – his termination of employment on May 12, 2023 – and do not require adding any other party, thus making them compulsory counterclaims.

8. Venue is proper in this District because Jenkins conduct at issue occurred in Columbus, Ohio.

## JURY DEMAND

Defendant demands a jury trial on all issues in its Counterclaim that are triable by a jury.

Respectfully submitted,

*/s/ Barry Y. Freeman*
Barry Y. Freeman (0062040)
**ROETZEL & ANDRESS, LPA**
1375 E. 9th Street, 10th Floor
Cleveland, OH 44114

13

                                                          Telephone: (216) 615-4850
                                                          Facsimile: (216) 623-0134
                                                          Email: bfreeman@ralaw.com

                                                          Trial Counsel for Defendant

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 3, 2023, a true and correct copy of the foregoing was served on all parties via the Court's electronic filing system.

                                                          /s/Barry Y. Freeman