IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID JENKINS,** *on behalf of himself and all similarly situated individuals*, | : | Case No. 2:23-cv-01874 |
| Plaintiff, | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | Magistrate Judge Chelsey M. Vascura |
| **EVO Services Group, LLC,** | : | |
| Defendant. | : | |

## OPINION & ORDER

This matter is before the Court on the parties' Joint Motion for Court Supervised Notice Pursuant to 29 U.S.C. § 216(b) (ECF No. 20). For the reasons set forth below, this Court **GRANTS** the parties' Joint Motion.

### I. BACKGROUND

On June 7, 2023, the Named Plaintiff in this case filed suit against Defendant EVO Services Group, LLC on behalf of himself and others similarly situated, claiming violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., as amended ("FLSA"), as well as the Ohio Minimum Fair Wage Standards Act and the Ohio Prompt Pay Act. (ECF No. 2). Defendant is a supplier of ground transportation to the United States Postal Service and other freight customers. (*Id*. ¶ 12). The Named Plaintiff was employed by Defendant as a dock manager, tasked with various supervisory duties. (*Id*. ¶ 13). The Named Plaintiff was paid on an hour basis rather than a salary basis. (*Id*. ¶ 19). On numerous occasions, the Named Plaintiff worked more than 40 hours per workweek. (*Id*. ¶ 16). The Named Plaintiff, however, was classified by Defendant as an overtime exempt employee and, thus, was not paid 1.5 times his regular rate for any hours worked

1

over 40 in a workweek. (*Id*. ¶ 21). On November 7, 2023, the parties filed the motion *sub judice* requesting that this Court issue court supervised notice pursuant to 29 U.S.C. § 216(b). (ECF No. 20). The Named Plaintiff seeks to bring his FLSA overtime claims on behalf of himself and other employees who are defined as: All Ohio hourly dock managers employed by EVO Services Group, LLC that worked at least one workweek in excess of 40 hours on or after August 17, 2020. (*Id*. at PageID 115).

## II. STANDARD OF REVIEW

The FLSA provides that a court may approve court-facilitated notice in an action brought "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Similarly situated employees "are permitted to opt into" the collective action. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). The plaintiff bears the burden to show that the proposed class members are similarly situated to the lead plaintiff. *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016). The FLSA does not define "similarly situated." *Id.*

District courts conduct a two-phase inquiry to determine whether plaintiffs are similarly situated: previously referred to as "conditional certification" and "final certification". *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012). The Sixth Circuit recently explained that the process whereby district courts determine whether to enable a proposed collective to issue a notice to other employees should not be characterized "as a 'certification,' conditional or otherwise." *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1009 (6th Cir. 2023). This Court thus refers to the FLSA notice determination as "court-facilitated notice."

In *Clark*, the Sixth Circuit maintained the two-step process for FLSA collective actions but altered the calculus. At step one, for there to be court-facilitated notice to potential plaintiffs, the named plaintiff must show a "strong likelihood" that other employees of the defendant(s) are "similarly situated" to them. *McCall v. Soft-Lite L.L.C.*, No. 5:22-CV-816, 2023 WL 4904023, at *5 (N.D. Ohio Aug. 1, 2023) (citing *Clark*, 68 F.4th at 1011). *Clark's* "strong likelihood" standard is borrowed from the test applied when implementing preliminary injunctions and "requires a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance." *Id*. If the court permits court-facilitated notice at the first phase, the plaintiff is "permitted to solicit opt-in notices, under court supervision, from current and former employees." *Cornell v. World Wide Bus. Servs. Corp.*, No. 2:14-CV-27, 2015 WL 6662919, at *1 (S.D. Ohio Nov. 2, 2015).

At step two, and after the close of discovery, the court makes a conclusive determination as to whether the named plaintiffs are "in fact similarly situated" to opt-in plaintiffs, which must be demonstrated by a preponderance of the evidence. *Clark*, 68 F.4th at 1009–10. At that point, the opt-ins become parties to the suit and can proceed to trial collectively. *Id.* at 1010.

The Sixth Circuit explained that whether particular employees are "similarly situated" is a fact-specific inquiry. *Id*. Recognizing that the factual record is not yet fully developed at the point in the litigation wherein the court must determine whether to facilitate notice in a FLSA suit, the Sixth Circuit confirmed that the movant merely must "demonstrate to a certain degree of probability" that she will prove that the employees are "similarly situated" when the court issues its final decision. *Id*. at 1011. Accordingly, for court-facilitated notice to be approved, the plaintiff's burden is merely to "show only that his position is similar, not identical to the positions held by the putative class members." *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 867

3

(S.D. Ohio 2011); *Comer,* 454 F.3d at 546–47 (internal quotation marks and citation omitted). Showing a "unified policy" of violations is not required. *O'Brien*, 575 F.3d at 584. Rather, plaintiffs are similarly situated "when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *Id.* at 585.

Some considerations that may guide the court in its "similarly situated" inquiry include "whether [the other employees] performed the same tasks and were subject to the same policies . . . as the original plaintiffs were." *Id*. at 1010. Whether other employees "are subject to individualized defenses" may also affect whether they are similarly situated. *Id*. Further, whether the employees' claims are subject to arbitration should be considered in this analysis. *Clark*, 68 F.4th at 1010.

This Court finds it important to note that no single factor is determinative, given the following:

> The very point of the "similarly situated" inquiry is to determine whether the merits of other-employee claims would be similar to the merits of the original plaintiffs' claims—so that collective litigation would yield "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity."

*Id*. at 1012 (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

### III.   LAW & ANALYSIS

The evidence presented by plaintiff to show he is similarly situated to others "may include affidavits of potential plaintiffs or evidence of a widespread policy or plan." *Petty v. Russell Cellular, Inc.*, No. 2:13-cv-1110, 2014 WL 1308692, at *2 (S.D. Ohio Mar. 28, 2014). Affidavits from plaintiffs are properly considered in this inquiry where they "allege facts sufficient to support an inference that [they have] actual knowledge about other employees' job duties, pay structures,

hours worked, and whether they were paid for overtime hours." *Foley v. Wildcat Invs., LLC*, No. 2:21-cv-5234, 2023 WL 4485571, at *3 (S.D. Ohio July 12, 2023) (citing *O'Neal v. Emery Fed. Credit Union*, No. 1:13-CV-22, 2013 WL 4013167, at *8 (S.D. Ohio Aug. 6, 2013)). Facts "such as first-hand observations or observations with co-workers—will typically be enough to show that a similarly situated class of employees exists." *O'Neal*, 2013 WL 4013167, at *8.

Here, the parties argue declarations of the Named Plaintiff (ECF No. 20-1) and Defendant (ECF No. 20-2) provide this Court with a sufficient factual basis that the Named Plaintiff is similarly situated to those he seeks to represent. Specifically, the declaration of the Named Plaintiff states he was employed as a dock manager by Defendant; on numerous occasions, he worked more than 40 hours per workweek; he was classified by Defendant as an overtime exempt employee and, thus, did not receive 1.5 times his regular rate for any hours worked over 40 in a workweek; and Defendant employed other employees as non-exempt dock managers who also worked in excess of 40 hours and did not receive 1.5 times their regular rate. (*See* ECF No. 20-1). Defendant, while not conceding it violated the FLSA, stipulates in its declaration that Named Plaintiff and those he seeks to represent were all Ohio hourly dock managers for Defendant; were classified as overtime exempt pursuant to the Motor Carrer Act; and were not paid 1.5 times their regular rate for hours beyond 40 per workweek. (*See* ECF No. 20-2). Based upon the declarations provided by the parties, this Court finds that the Named Plaintiff has adequately demonstrated a "strong likelihood" that he is similarly situated to the putative collective members.

## IV.     CONCLUSION

For the reasons stated above, this Court **GRANTS** the parties' Joint Motion for Court Supervised Notice Pursuant to 29 U.S.C. § 216(b) (ECF No. 20) and **APPROVES** the parties' proposed notice documents in ECF Nos. 20-3 and 20-4.

Within fourteen (14) days of this Order, Defendant shall provide Named Plaintiff's counsel a list (in Microsoft Office Excel format) containing the names, last known addresses (including zip code), cellular telephone number, and personal email address (to the extent that Defendant has cell numbers and email addresses) of the Collective Members. Named Plaintiff's counsel will mail via First Class U.S. Mail and email the Notice (ECF No. 20-3) to the putative Collective Members within fourteen (14) days of receiving the list. Named Plaintiff's counsel may send the Notice by text message (ECF No. 20-4) if Defendant does not provide an email address for a Collective Member or if the email is undeliverable. The putative Collective Members shall have ninety (90) days from the date the Notice Packet is mailed to return their Consent to Join Form and opt-in to this case.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: November 27, 2023**