IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID JENKINS,** *on behalf of himself and all similarly situated individuals*, | : | Case No. 2:23-cv-01874 |
| Plaintiff, | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | Magistrate Judge Chelsey M. Vascura |
| **EVO Services Group, LLC,** | : | |
| Defendant. | : | |

**OPINION & ORDER**

This matter is before the Court on Defendant's Motion for Partial Judgment on the Pleadings (ECF No. 15). For the reasons set forth below, the motion is **GRANTED IN PART and DENIED IN PART**.

I.     BACKGROUND

A. Factual Background

This case involves the Fair Labor Standards Act ("FLSA") and various Ohio wage laws. Plaintiff is David Jenkins and Defendant is EVO Services Group, LLC (hereinafter "EVO"). EVO is a supplier of ground transportation to the United States Postal Service ("USPS") and other freight customers. (ECF No. 2 ¶ 12). EVO serves thirty-three states, including Ohio, and hundreds of USPS facilities. (*Id.*). Plaintiff was formerly employed at EVO as a non-exempt dock manager. (*Id.* ¶ 4). As a dock manager, Plaintiff's job was to supervise EVO's drivers; route, schedule, and dispatch drivers; visit USPS locations being serviced; fill out paperwork and update supervisors; schedule vehicular repairs; and coordinate any extra trips that USPS might require. (*Id.* ¶ 13). Plaintiff's job duties did not involve the transport of goods—specifically, Plaintiff's job

did not include riding in EVO's trucks, assisting with loading or unloading vehicles, performing inspections or repairs on vehicles, or keeping vehicles in good and safe working condition. (*Id.* ¶ 24).

Plaintiff was paid at an hourly rate of $25.50 per hour. (*Id.* ¶¶ 19-22). Plaintiff, along with other dock managers, often worked in excess of forty (40) hours a week. (*Id.* ¶ 16). In fact, Plaintiff typically averaged sixty (60) to sixty-five (65) hours a week. (*Id.* ¶ 17). Plaintiff, however, did not receive at least 150% of his regular rate for all hours worked beyond forty, because ECO classified him as an exempt employee ineligible to receive overtime pay for hours worked in excess of forty. (*Id.* ¶¶ 21, 23, 29). Instead, Plaintiff received his standard rate of $25.50 per hour for all hours worked beyond forty. (*Id.* ¶ 22).

Around May 11, 2023, Plaintiff approached EVO to discuss his concerns about overtime pay. (*Id.* ¶¶ 30-32). Shortly after the discussion, Plaintiff received a write-up that claimed he did not report a safety incident in a timely manner, even though Plaintiff claims he reported the incident days before. (*Id.* ¶ 33). The following day, Plaintiff was terminated from his employment with EVO. (*Id.* ¶ 34).

### B. Procedural History

On June 7, 2023, Plaintiff filed his complaint in this case. (ECF No. 2). Plaintiff alleges five claims: (I) violation of the FLSA, 29 U.S.C. § 201, *et seq.*, as amended, for failure to pay overtime wages (on behalf of himself and other similarly situated employees); (II) violation of the Ohio Wage Act ("OWA"), R.C. § 4111, *et seq.*, for failure to pay overtime wages (on behalf of himself); (III) violation of the Ohio Prompt Pay Act ("OPPA"), R.C. § 4113.15, for failure to promptly pay wages (on behalf of himself); (IV) Ohio Revised Code ("R.C.") § 2307.60 (permits anyone injured in person or property by a criminal act to recover damages in a civil action) and 29

U.S.C. § 216(a) (imposes criminal penalties for willful violations of the FLSA) (on behalf of himself); and (V) retaliation in violation of the FLSA (on behalf of himself). (*Id*. ¶¶ 39-95).

On August 3, 2023, EVO filed its answer and a counterclaim against Plaintiff. (ECF No. 7). EVO's answer denies the allegations in Plaintiff's complaint. (*Id*.). EVO's counterclaim alleges that after Plaintiff was terminated from his position, he cut the network and internet cables, ripped out equipment for the network and router, and cut a water line at EVO's Columbus, Ohio facility. (*Id*. ¶ 2). On August 16, 2023, Plaintiff filed an answer to the counterclaim, denying the allegations contained therein. (ECF No. 12).

On August 30, 2023, EVO filed the motion *sub judice*. (ECF No. 15). On September 14, 2023, Plaintiff filed a response in opposition. (ECF No. 17). On September 28, 2023, EVO filed a reply to Plaintiff's response in opposition. (ECF No. 19). The motion is now ripe for this Court's consideration.

## II.     STANDARD OF REVIEW

Under Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." On a Rule 12(c) motion, the court may only consider the pleadings themselves. *Max Arnold & Sons, LLC v. W.K. Hailey & Co., Inc.*, 452 F.3d 494, 503 (6th Cir. 2006). A motion for judgment on the pleadings generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6). *Bates v. Green Farms Condominium Ass'n.*, 958 F.3d 470, 480 (6th Cir. 2020) (citing *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)). When evaluating a Rule 12(c) motion, the court must take as true all well-pleaded material allegations of the pleadings of the opposing party. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. at 581-

82 (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Ultimately, a Rule 12(c) motion is granted when "no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Winget*, 510 F.3d at 582 (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

### III. LAW & ANALYSIS

EVO moves for partial judgment on the pleadings as followings: (A) for judgment on Plaintiff's R.C. § 4413.15 damage claim because the underlying liability is disputed; and (B) for judgment on Plaintiff's R.C. § 2307.60 claims (and § 4413.15 FLSA-based claims) because they are based on FLSA violations and the FLSA preempts and bars such claims. (ECF No. 15). The Court will address each argument in turn.

#### A. R.C. § 4413.15 Claim

Count III of Plaintiff's complaint seeks damages under the OPPA, R.C. § 4113.15, which states:

> (A) Every employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month. If at any time of payment an employee is absent from the employee's regular place of labor and does not receive payment of wages through an authorized representative, such person shall be entitled to said payment at any time thereafter upon demand upon the proper paymaster at the place where such wages are usually paid and where such pay is due. This section does not prohibit the daily or weekly payment of wages. The use of a longer time lapse that is customary to a given trade, profession or occupation, or establishment of a different time lapse by written contract or by operation of law.
>
> (B) Where wages remain unpaid for thirty days beyond the regularly scheduled payday or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employee of a claim or

4

> for sixty days beyond the date of the agreement, award, or other act making wages payable and no contest[,] court order or dispute of any wage claim including the assertion of a counterclaim exists accounting for nonpayment, the employer, in addition, as liquidated damages, is liable to the employee in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater.

Plaintiffs specifically seek liquidated damages under Section (B) of R.C. § 4113.15. Simply put, "§ 4113.15(B) allows a plaintiff to collect 6% of any wages that are unpaid for more than thirty days, provided that 'no contest[,] court order[,] or dispute of any wage claim including the assertion of a counterclaim exists accounting for nonpayment.'" *Sutka v. Yazaki North America Inc.*, 256 F. Supp. 3d 677, 680 (E.D. Mich. 2017).

EVO argues that Plaintiff is precluded from receiving liquidated damages under R.C. § 4113.15(B) because Plaintiff's overtime claims are disputed. EVO relies on *O'Brien v. Ed Donnelly Enterprises, Inc.*, which is a Sixth Circuit case. In *O'Brien*, the Sixth Circuit stated:

> The district court found that disputes accounting for nonpayment of the wages claimed by plaintiffs did exist and that therefore as a matter of law, plaintiffs could not receive liquidated damages. So the trial court granted the employer's motion for summary judgment on count III. We agree.

575 F.3d 567, 577 (6th Cir. 2009) (citations omitted) (*abrogated* on other grounds). The Sixth Circuit rejected plaintiff's argument that a broad interpretation of what constitutes a dispute renders the statute's provision of liquidated damages as "surplus." *Id*. at 578. The Sixth Circuit reasoned as follows:

> [T]here could be situations where, under the district court's interpretation of the statute, the liquidated-damages provision could come into play. Suppose an employer had promised to pay a certain sum, and the employees agreed that this sum was their due wage. However, a clerical glitch prevented the sum from being delivered to the employees. In such a situation, the employer could not reasonably maintain that a "dispute" accounted for nonpayment. Likewise, if an employer were short on incoming cash, and consequently had to delay paying its employees, but conceded the employees' entitlement to payment, the employer could not reasonably

5

> argue that a "dispute" accounted for nonpayment. Further, because application of the statute's safe harbor requires that there be a contest, court order, or dispute of a wage claim accounting for nonpayment, it is proper to focus on whether the asserted dispute accounts for the nonpayment. Thus, it is not the case that any recalcitrant employer can simply declare that there is a dispute and then retroactively insulate its actions.

*Id*.

Plaintiff responds that Section (B) does not prevent him from pursuing a claim against EVO for wage theft. Plaintiff relies on *Monahan v. Smyth Automotiv, Inc.*, a district court case in which the court was unpersuaded by defendant's argument that plaintiff's R.C. § 4113.15(B) claim must be dismissed because there was a dispute as to wages. No. 1:10-cv-00048, 2011 WL 379129, at *9 (S.D. Ohio Feb. 2, 2011). Specifically, the court found that "[a] careful reading of the statute reveals that section (B) describes only liquidated damages, which damages would be available to plaintiffs, for example, should they be successful in their suit, as that would resolve the dispute accounting for nonpayment." *Id*. The court reasoned as follows:

> Defendant's argument that a dispute about wages precludes a suit under 4113.15 would render 4113.15 impotent because any suit under 4113.15 necessarily means that a dispute about wages exists. The Court cannot believe that the Ohio legislature intended to, on the one hand, provide employees with an avenue of relief if their employer fails to pay them promptly but, on the other hand, take that avenue away should the employee sue to enforce their right to prompt payment.

*Id*.

In this case, there is no question that a "dispute accounting for nonpayment" exists. On the one hand, Plaintiff alleges he was misclassified as an exempt employee and contends he is owed overtime wages. On the other hand, EVO maintains it did not misclassify Plaintiff as an exempt employee and Plaintiff is not entitled to time-and-a-half for overtime work. While the reasoning in *Monahan* may be persuasive, this Court is bound to follow the Sixth Circuit's decision in *O'Brien*. *See Sutka*, 256 F. Supp. 3d at 682 ("To the extent that *Monahan* stands for the proposition

6

that barring OPPA claims based on disputed wages undermines the statute itself, *Monahan* is in conflict with *O'Brien*, and *O'Brien's* interpretation of the OPPA is binding on this Court."). After *O'Brien*, federal district courts in Ohio have found that an employer's dispute of an employee's unpaid wage claim precluded a R.C. § 4113.15 claim for liquidated damages. *See Sutka*, 256 F. Supp. 3d at 681 (collecting cases); *see also In re Lowe's Cos., Inc. v. FLSA and Wage and Hour Litig.*, 517 F. Supp. 3d 484, 513-15 (W.D.N.C. 2021). Since *O'Brien* is binding precedent, EVO's motion is **GRANTED** with respect to Count III—Plaintiff's OPPA claim.

### B. R.C. § 2307.60 Claim and R.C. § 4113.15 FLSA-Based Claim

Next, EVO argues that Plaintiff's R.C. § 2307.60 claims and FLSA-based R.C. § 4113.15 claims are preempted and barred by the FLSA.[1] Section 216(a) of the FLSA imposes criminal penalties for willful violations of the FLSA. Specifically, Section 216(a) states:

> Any person who willfully violates any of the provisions of section 215 of this title shall upon conviction thereof be subject to a fine of not more than $10,000, or to imprisonment for not more than six months, or both. No person shall be imprisoned under this subsection except for an offense committed after the conviction of such person for a prior offense under this subsection.

29 U.S.C. § 216(a).

Section 2307.60 of the Ohio Revised Code provides compensatory and punitive damages for those injured by another party's criminal act. *See generally* R.C. § 2307.60; *see also Buddenberg v.* Weisdack, 161 Ohio St. 3d 160, ¶ 13, 2020-Ohio-3832, 161 N.E. 3d 603, 607 (Ohio 2020) (holding that a claim under R.C. § 2307.60 requires a criminal act, not a criminal conviction). Section 2307.60(A)(1) states:

---

[1] Since this Court granted EVO's motion with respect to Plaintiff's R.C. § 4113.15 claim, this Court will only focus its analysis on R.C. § 2307.60.

> Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law, may recover the costs of maintaining the civil action and attorney's fees if authorized by any provision of the Rules of Civil Procedure or another section of the Revised Code or under the common law of this state, and may recover punitive or exemplary damages if authorized by section 2315.21 or another section of the Revised Code.

R.C. § 2307.60.

EVO relies on *Torres v. Vitale* to support its argument. In *Torres*, a restaurant employee filed a civil action under Racketeer Influenced and Corrupt Organizations Act ("RICO") claiming he was entitled to damages based on lost wages, insurance fraud, and tax evasion. 954 F.3d 866, 869 (6th Cir. 2020). The Sixth Circuit confirmed "the FLSA is the sole vehicle through which a plaintiff can remedy its own substantive guarantees." *Id*. at 873. The Sixth Court also stated, however, that "because the text instructs us that the FLSA is the sole remedy *only* for federal minimum wage and overtime violations, the FLSA does not preclude suits for other damages, even when the underlying conduct in those suits also violated the FLSA." *Id*. (emphasis in the original). Ultimately, the Sixth Circuit found that the plaintiff could not proceed on his claims based on lost wages because the claim was precluded by the FLSA since it was seeking the exact same remedy that is provided by the FLSA. *Id*. at 876. The Sixth Circuit, however, found that the FLSA does not preclude RICO claims when a defendant commits a RICO-predicate offense giving rise to damages distinct from the last wages available under the FLSA. *Id*. at 869, 877. Ultimately, the Sixth Circuit remanded the case back to the district court to determine whether the plaintiff had adequately pled a RICO claim with damages that are distinct from his wage and hour claims. *Id*. at 877.

Here, Plaintiff argues that the FLSA does not provide a prevailing employee a specific damage remedy while R.C. § 2307.60 does. Because he asserts willful violations of the FLSA and is seeking punitive damages, Plaintiff maintains EVO's FLSA preemption argument based on *Torres* is inapplicable.

This Court finds that judgment on Plaintiff's R.C. § 2307.60 claim is not appropriate at this stage. Unlike the civil RICO claim at issue in *Torres*, R.C. § 2307.60 is a statutory cause of action "for damages resulting from any criminal act." *Jacobson v. Kaforey*, 149 Ohio St. 3d 398, ¶ 10, 2016-Ohio-8434, 75 N.E. 3d 203, 206 (Ohio 2016). Although Section 216(a) of the FLSA provides for criminal penalties for willful violations of the statute, Plaintiff has also pled a violation of the OWA. Although the OWA claim, as currently pled, rises and falls with Plaintiff's claim under the FLSA, dismissal of Count VI at this stage of the case without the benefit of any discovery and development of additional facts is not warranted. *See Oglesby v. FedEx Ground Package Sys., Inc.*, No. 3:20-cv-346, 2021 WL 3560884, at *5 (S.D. Ohio Aug. 11, 2021) ("The standard employed in ruling on Defendant's motion [for judgment on the pleadings] 'simply calls for enough facts' in the Complaint 'to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Additionally, Plaintiff has a right to plead claims in the alternative, so judgment on Plaintiff's R.C. § 2307.60 claim would not be appropriate at this stage. *See Clark v. Pizza Baker, Inc.*, 2020 WL 5760445, at *4 (S.D. Ohio Sep. 28, 2020) (finding that dismissing an Ohio unjust enrichment claim because the FLSA is the exclusive remedy for plaintiff's recovery of wage and hour violations was inappropriate because "[a]t the very least, plaintiffs are permitted to plead claims in the alternative, and a court may not dismiss

9

claims as preempted until the parties have had a chance to develop the facts during discovery to assess whether facts different from those comprising the federal claim support the state claims.") (internal quotation marks and citations omitted) (cleaned up). For these reasons, EVO's motion is **DENIED** with respect to Count IV—Plaintiff's R.C. § 2307.60 claim.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion for Partial Judgment on the Pleadings (ECF No. 15) is **GRANTED IN PART AND DENIED IN PART**. Specifically, the motion is **GRANTED** as to Count III of Plaintiff's complaint and **DENIED** as to Count IV of Plaintiff's complaint. The counts that remain in this case are Counts I, II, IV, and V.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: February 20, 2024**